The ESTATE OF William Wesley BURCHFIEL, Plaintiff–Appellant,

v.

FIRST UNITED METHODIST CHURCH OF SEVIERVILLE, Tennessee; the University of Tennessee at Knoxville; Walters State Community College; Tennessee Board of Regents of the University and Community College Systems of Tennessee; and Sevier County, Tennessee, Defendants–Appellees.

Court of Appeals of Tennessee, Eastern Section.

June 13, 1996.

Permission to Appeal Denied by Supreme Court Nov. 4, 1996.

Anne M. McKinney, Knoxville, for Plaintiff–Appellant.

Jerry H. McCarter, Gatlinburg, for Defendant–Appellee, Sevier County, Tennessee.

Christine Modisher, Nashville, for Defendants–Appellees, Walters State Community College, Tennessee Board of Regents.

Beauchamp E. Brogan and J. Robert Walker, Knoxville, for Appellee–Defendant, The University of Tennessee.

### *OPINION*

FRANKS, Judge.

In this action to construe a will, the Trial Court determined that the Walters State Community College's proposal to build a branch campus would meet the conditions set forth in the Testator's will, and broadly held that "any existing entity" under the control of the Tennessee Board of Regents could be used to meet the conditions set forth in the will.

William Wesley Burchfiel of Sevierville, Sevier County, Tennessee, died on December 1, 1993, and his will was admitted to probate.

The dispute concerns the interpretation of section VI(B)(1) of decedent's will. It reads in part:

B. My Trustee shall use the entire amount of my residuary estate for the following purposes and under the following conditions:

1. To establish and build a community college campus on approximately sixty-five (65) acres of land within the confines of Sevier County, Tennessee provided the following conditions can be accomplished:

(a) The college must be an independent, free standing and state supported regional community college on the Sevier County campus.

(b) Establishment of the Sevier County County campus shall be approved as a part of the State University and Campommunity College System as governed by the Tennessee Board of Regents.

(c) Any decisions with regard to the operation continuation, termination and/or establishment and expansion and development of the community college campus shall be approved by the Tennessee Board of Regents as a part of the State University and Community College System of Tennessee.

(d) The Cities of Sevier County, the County, its private citizens and other public or private foundations shall match on a dollar for dollar basis the amount funded for this trust to be used as construction funds for the Sevier County Campus of the community college system ...

(h) It is my preference that the community college campus be named the "Great Smoky Mountains Community College" or some similar name suitable to reflect the sentiments of the Sevier County region. This regional concept would preclude the use of a name like "Walters" which does not reflect the entire region.

The will then states should the matching money not be raised within the allotted time and according to his terms, the donations are to be returned to the contributors. The bequest would then go toward constructing a new geography building at the University of Tennessee in Knoxville.

Walters State Community College proposed a plan to build a branch campus in Sevierville, and insists that its plan qualified it to receive the bequest. The Trial Court determined the will did not require the establishment of a new community college. He found that any existing school under the control of the Tennessee Board of Regents could use the estate to build a Sevier County campus, and interpreted the phrase "the college shall be independent, free standing ..." as a reference to the school accepting the gift, not as a description of a new institution that would be created.

■ The basic rule in the construction of wills is for the court to determine the intent of the testators. *Stickley v. Carmichael*, 850 S.W.2d 127 (Tenn.1992). The Executor urges the court to hear evidence that would clarify that intent. He wishes to offer testimony of Burchfiel's family and friends who insist that decedent did not want his money used for a branch campus of Walters State.

■ Parole evidence is admissible to explain a latent ambiguity. *Stickley*. A latent ambiguity is found where

the equivocality of expression or obscurity of intention does not arise from the words themselves, but from the ambiguous state of extrinsic circumstances to which the words of the instrument refer, and which is susceptible of explanation by the mere development of extraneous facts, without altering or adding to the written language, or requiring more to be understood thereby than will fairly comport with the ordinary or legal sense of the words and phrases made use of.

*Weatherhead v. Sewell*, 28 Tenn. (9 Humph.) 272, 295 (1848).

A patent ambiguity, for which extrinsic evidence is not admissible, is one which is

produced by the uncertainty, contradictoriness, or deficiency of the language of an instrument, so that no discovery of facts, or proof of declarations, can restore the doubtful or smothered sense without adding ideas which the actual words will not themselves sustain ... ambiguity that may be removed by parol evidence is not a doubt thrown upon the intention of the party in the instrument by extrinsic proof tending to show an intention different from that manifested by the words of the instru-

ment. It must grow out of the question of identifying the person or subject mentioned in the instrument.

*Id.*

Another explanation of the difference is stated in American Jurisprudence:

> A "patent" ambiguity ... is one which appears upon the face of the instrument, as, for example, a bequest to "some" of the six children of the testator's brother; while a "latent" ambiguity is one which is not discoverable from a perusal of the will but which appears upon consideration of the extrinsic circumstances, as, for example, a bequest to "my cousin John," it appearing that the testator has two or more cousins named John.

80 AmJur 2d § 1281 (1975).

█ The lack of clarity in this case is due to the terms used by the Testator. The ambiguity is created by his alternating references to a "community college," "community college campus," and "community college on the Sevier County campus." Due to the "uncertainty, contradictoriness, or deficiency of the language," the ambiguity is patent. *Weatherhead.* Extrinsic evidence is not admissible to explain his use of language. *Id.*

█ The construction of the will is a question of law for the court. *Presley v. Hanks,* 782 S.W.2d 482, 487 (Tenn.App.1989). The standard of review for the appellate court is *de novo* with no presumption of correctness. T.R.A.P. 13(d).

█ The will states that the estate is to be used to build a "community college campus." In subsequent sections, the will refers to "the college," the "Sevier County campus" and "the Sevier County Campus of the community college system." In common parlance, the word "campus" is used to mean location of a school. It is not necessary synonymous with "college," which refers to the broader institution of learning. The use of "campus" would seem to acknowledge that this new creation could be one of many locations of a college. The Board of Regents takes this position and

also argues that the specification in the will to sixty-five acres of land in Sevier County is a reference to land recently given to Walters State. They further insist, echoing the reasoning of the trial court, that the phrase "independent, free-standing, state-supported community college" refers to the college which builds the new school, not the new school itself.

However, the use of "campus" was meant to emphasize the importance of siting the new institution in Sevier County. The unartful wording cannot obscure the directive that the college be "independent" and "free standing." Contrary to the Board's argument and the interpretation of the Trial Court, there is no indication that these terms referred to the school which would build the campus. These terms, like all conditions in this section of the will, appear to refer to a new institution. This use of "independent" and "free standing" indicate that the Testator intended to create more than an affiliated branch of a larger entity. They demonstrate that the Testator wanted a new community college to be established. This interpretation is further supported by his identification of the name "Walters" as inappropriate for his college. An indication that he did not anticipate the college to be a part of Walters State, but he was contemplating a type of institution analogous to Walters State. His choice of "Great Smoky Mountains Community College" as an example of an appropriate name belies his intent that his estate be used to create not a branch campus, but a new community college. This intent is reinforced by the community college concept.[1]

Counsel for the Board argues that the Board is powerless to create additional regional community colleges. While this is true, it was likewise powerless to create all of the regional colleges which now exist in this State.

We conclude that the Trial Court's determination that Walters State's proposal qualified for the bequest was in error, and we reverse the Trial Court's judgment and remand for further proceedings consistent with

---

1. For a list of "independent" regional community colleges established in Tennessee, *see* T.C.A.

§ 49–8–101, *et seq.*

this opinion. The cost of the appeal is assessed to the Estate.

McMURRAY, J., and CLIFFORD E. SANDERS, Special Judge, concur.