IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 13, 2001 Session

## DENNIS MAUK v. DEBRA PERRY, ET AL.

**Appeal from the Chancery Court for Hawkins County**
**No. PC-3142     Thomas R. Frierson, II, Chancellor**

### FILED OCTOBER 22, 2001

### No. E2001-00485-COA-R3-CV

The plaintiff seeks a judicial declaration regarding the proper interpretation of a will. The trial court found a will provision leaving "real property and contents" to the decedent's son, the plaintiff Dennis Mauk, is not ambiguous and that the word "contents" includes a 27-year old mobile home on the decedent's property. The decedent's other four children appeal, contending the will is ambiguous. They argue the trial court erred in failing to consider parol evidence as to the meaning of the subject language. They further contend the trial court erred in ordering a $6,000 bequest to the appellants to be paid into court, thus making it subject to the debts of the estate. We modify the trial court's judgment to provide that the share of personal property bequeathed to each of the decedent's children should be burdened with one-fifth of the decedent's debts. In all other respects, the trial court's judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed as Modified; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Douglas T. Jenkins, Rogersville, Tennessee, for the appellants, Debra Perry, Donna Burchfield, Kim Richards, and Garnie Mauk.

Phillip L. Boyd, Rogersville, Tennessee, for the appellee, Dennis Mauk, Executor of Estate of Helen Mauk.

### OPINION

#### I.

The decedent, Helen Mauk, died testate on May 20, 1999. Her will was prepared by a non-lawyer, Betty Lester Mauk, who was related to her by marriage. Betty Lester Mauk had worked in a law office. As pertinent to the issues on this appeal, the will contains the following provisions:

I, HELEN MAUK, 2676 Stanley Valley Road, Surgoinsville, Tennessee, being of sound mind and disposing memory, and realizing the uncertainty of this frail transitory life, do hereby make, publish and declare this my Last Will and Testament, hereby disposing of all the property of every kind, real and personal, tangible and intangible in expectancy or existence, which I own or may have right to dispose of by will, hereby revoking any and all other wills and/or codicils made by me at any time heretofore.

FIRST: I direct that all my just debts, including funeral expenses, be first paid from my estate;

SECOND: I devise and bequeath said[1] real property and contents to my son Dennis Mauk for which he is to pay the sum of Six Thousand Dollars ($6,000.00) within one year of my death;

THIRD: The Six Thousand Dollars ($6,000.00) is to be divided between my other children, KIM RICHARDS, GARNIE MAUK, Jr., DEBBIE PERRY, and DONNA BURCHFIELD, to share and share alike;

* * *

FIFTH: I hereby give, devise and bequeath to my beloved daughter, DONNA BURCHFIELD, my oak dinning [sic] room sui[te];

SIXTH: I hereby give, devise and bequeath to my daughter, KIM RICHARDS, my antique maple bedroom suit[e];

* * *

EIGHTH: I hereby direct that the remainder of my personal property be sold and the money divided between my beloved children, DENNIS MAUK, KIM RICHARDS, DEBBIE PERRY, DONNA BURCHFIELD and GARNIE MAUK, JR., share and share alike;

At the time of decedent's death, she owned real property at 2676 Stanley Valley Road, Surgoinsville, Tennessee, on which was located a mobile home and some outbuildings. She was the mother of five

---

[1] The use of the word "said" was apparently intended to refer back to the address of "2676 Stanley Valley Road, Surgoinsville, Tennessee" found in the will's preamble. We reach this conclusion because, as can be seen, no other real property is referred to in the body of the will before the use of the word "said." Furthermore, the testimony at trial indicated that this was the only real property owned by the decedent at the time of her death.

children. She is survived by her children, the four appellants and a son, Dennis Mauk, her executor, who filed this suit against his four siblings. In the words of the Complaint, Dennis Mauk seeks the following relief:

> That the Court enter a declaratory judgment determining the intent of the Testatrix as to the land;
>
> That the Court enter a declaratory judgment as to whether the trailer should be a devise passing with the land or whether it pass [sic] to the residuary clause.

(Numbering in Complaint Omitted). The plaintiff-executor contends the words "real property and contents" include the mobile home, which, the testimony indicated, had been on the property for 18 years; was "sitting on block"; and was hooked to a septic system and a source of electricity. The appellants, on the other hand, argue the mobile home should be sold and the proceeds from the sale divided among the five children under provision "EIGHTH" of the will.

## II.

At the hearing below, the trial court determined "[t]hat the last will and testament of the decedent is clear and speaks for itself in that it states 'real property and contents' which, therefore, includes the mobile home devised and bequeathed to plaintiff." Accordingly, the court held the mobile home was the property of Dennis Mauk, opining that "the contents being those items within the perimeter boundaries of that real property."

Following the filing of a post-trial motion by the appellants, the trial court supplemented its earlier decree, as follows:

> The $6,000 which was to be paid by the beneficiary of the real property and mobile home is to be paid into the estate account. The assets of the estate, including the $6,000, are to be distributed to the heirs in accordance with the terms of the will after payment of all just debts of the estate;...

The appellants raise two issues. First, they contend that the words "real property and contents" are ambiguous and that the trial court erred in failing to consider parol evidence as to their meaning. They also contend the trial court erred in ordering the $6,000 bequest to be paid into court, thus making it subject to the debts of the estate.

The issues before us on this appeal raise questions of law. Hence, our review is *de novo* with no presumption of correctness as to the trial court's judgment. ***Union Carbide Corp. v. Huddleston,*** 854 S.W.2d 87, 91 (Tenn. 1993).

III.

We are called upon to construe the meaning of the decedent's will. *See* ***Presley v. Hanks***, 782 S.W.2d 482, 487 (Tenn. Ct. App. 1989) ("construction of a will is a question of law for the court") "The cardinal rule in construction of all wills is that the court shall attempt to discover the intention of the testator and will give effect to it unless it contravenes some rule of law or public policy." ***Third Nat'l Bank in Nashville v. First Am. Nat'l Bank of Nashville***, 596 S.W.2d 824, 828 (Tenn. 1980). Our inquiry is subject to the following:

> The intention of the testator controls, in the construction or interpretation of his will, which is to be ascertained from the language of the will, every part of which must be considered in relation to every other part, taking into consideration the situation of the testator and the facts and circumstances surrounding him at the time the will was executed, the relations between him and his intended beneficiaries, and the amount and nature of his estate.

***Treanor v. Treanor***, 152 S.W.2d 1038, 1040 (Tenn. Ct. App. 1941) (citations omitted). Moreover, where a will has been drafted by a non-lawyer, the court "should construe the language of the will with liberality to effectuate what appears to be the testamentary purpose." ***Davis v. Anthony***, 384 S.W.2d 60, 62 (Tenn. Ct. App. 1964).

"Ordinarily, parol evidence is inadmissible to add to, vary, or contradict the language used in a will," ***Treanor***, 152 S.W.2d at 1041, and "[o]rdinarily, declarations of a testator are inadmissible to aid in the construction of his [or her] will, except in explanation of latent ambiguities." *Id*.

IV.

The appellants urge us to find the will to be ambiguous. Such a finding, they argue, should prompt consideration of the testimony of Betty Lester Mauk. The latter Ms. Mauk, the preparer of the will, testified that the decedent "wanted the trailer sold with her personal property" and that the decedent said, at the time she executed the will that "[s]he wanted Dennis to have the land only." While this testimony was presented to the trial court, the record is clear that the court did not consider it, having found the meaning of the words "real property and contents" to be clear.

We find no error in the trial court's decision to look only to the language of the will for the meaning of the words "real property and contents." This is because any ambiguity in the words used by the decedent is "[a] patent ambiguity, for which extrinsic evidence is not admissible." ***Estate of Burchfiel v. First United Methodist Church of Sevierville***, 933 S.W.2d 481, 482 (Tenn. Ct. App. 1996). A patent ambiguity has been defined as one

> [p]roduced by the uncertainty, contradictoriness, or deficiency of the language of an instrument, so that no discovery of facts, or proof of

declarations, can restore the doubtful or smothered sense without adding ideas which the actual words will not themselves sustain ... ambiguity that may be removed by parol evidence is not a doubt thrown upon the intention of the party in the instrument by extrinsic proof tending to show an intention different from that manifested by the words of the instrument. It must grow out of the question of identifying the person or subject mentioned in the instrument.

*Id*. at 482-83 (quoting ***Weatherhead v. Sewell***, 28 Tenn. (9 Humph.) 272, 295 (1848)). "Extrinsic evidence is not admissible to explain [a testator's] use of language." ***Estate of Burchfiel***, 933 S.W.2d at 483. Any ambiguity in the will now before us is patent in nature. The trial court did not err in refusing to consider the testimony of Betty Lester Mauk, which testimony was obviously offered "to explain [the decedent's] use of language." *Id*.

V.

The declaratory judgment action filed by the plaintiff focused the trial court's attention on the meaning of the word "contents." While acknowledging that the language employed by the decedent was a "unique way of phrasing," the attorney for the plaintiff urged the court to find that the word "contents" included the mobile home within its ambit.

"Contents" has been defined as follows:

> **content**...*n*...**1.** *often* **contents**. Something contained in a receptacle
> <the *contents* of my pockets>...

Webster's II New Riverside University Dictionary 304 (1994) (italics and bold in original). The law teaches that we are to interpret a will using the ordinary and usual meaning of the words at issue. ***Moseley v. Goodman***, 138 Tenn. 1, 15-16, 195 S.W. 590, 593 (1917). However, when a will is prepared by a non-lawyer, we must construe the language with "liberality" so as to "effectuate what appears to be the testamentary purpose." ***Davis***, 384 S.W.2d at 62.

We find and hold that the trial court correctly interpreted the meaning of the words "real property and contents" to include the mobile home. It had been on the decedent's land for 18 years. It was more or less permanently affixed to the ground. It is either a part of the "real property" or it is "contents" within the boundaries of the real property. In either event it is included in the language "real property and contents." The trial court was correct in so holding.

VI.

The second issue raised by the appellants is that the trial court erred in directing that the $6,000 bequeathed to the appellants should be paid into court and utilized for the payment of the debts of the estate. We believe this was error. We find that the testator, in requiring Dennis Mauk

to pay $6,000 in connection with the bequest to him of the "real property and contents," intended for these funds to go to the four appellants to achieve some measure of equality among her five children. In other words, Dennis Mauk gets "the real property and contents" – effectively reduced in value to him by the payment of the $6,000 – and each of the other children get $1,500. This desire for equality can also be seen in the eighth provision of the will wherein the testator left the residuary of her estate to her five children. In view of this, we find that the total share of personal property left to each of the children – be it by way of a specific bequest or by virtue of the residuary clause – should be burdened with one-fifth of the debts of the estate.

## VII.

The judgment of the trial court is modified to provide that the share of personal property bequeathed to each of the five children should be burdened with one-fifth of the decedent's debts. In all other respects, the trial court's judgment is affirmed. Costs on appeal are taxed one-fifth to each of the five children. This case is remanded for such further proceedings as may be necessary.

_____
CHARLES D. SUSANO, JR., JUDGE