IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 20, 2004 Session

# FIRST TENNESSEE BANK, N.A., EXECUTOR, ESTATE OF GLENN P. WEBB, SR., and TRUSTEE OF THE RESIDUARY TRUST UNDER THE WILL OF GLENN P. WEBB, SR., F/B/O DEBORAH ANN WEBB, v. BARBARA WEBB STANFIELD, PAUL W. STANFIELD, JR., ALICIA M. STANFIELD, et al.

### Direct Appeal from the Chancery Court for Hamilton County
No. 02-0797    Hon. W. Frank Brown, III., Chancellor

---

**No. E2003-02756-COA-R3-CV  - FILED OCTOBER 13, 2004**

---

The Chancellor construed a will and granted plaintiff summary judgment.  Defendants insist the will is ambiguous.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Steven F. Dobson, Chattanooga, Tennessee, for Appellants, Barbara Webb Stanfield, Paul W. Stanfield, Jr., and Alicia M. Stanfield.

David E. Fowler and C. Eugene Shiles, Chattanooga, Tennessee, for Appellee, Patricia Webb.

## OPINION

In this construction of a Will action, the Trial Court found no ambiguity and entered judgment for petitioner.  Barbara Webb Stanfield, Paul W. Stanfield, Jr., and Alicia M. Stanfield have appealed the Chancellor's ruling, insisting that decedent's Will is ambiguous and the Trial Court erred in refusing to consider extrinsic evidence to determine the testator's intent.

The Chancellor filed an excellent Memorandum Opinion, and we adopt from the Memorandum Opinion as pertinent to our analysis on appeal:

Patricia Webb, who is one of the decedent's four children, filed a Motion for Summary Judgment. Patricia Webb contended that the Last Will and Testament, properly read, provided that she alone should receive the property at issue. Other heirs disagreed and filed their positions.

. . .

"The construction of a will is a question of law for the court and will construction cases are uniquely suited to the summary judgment procedure because these cases generally involve legal issues only." Presley v. Hanks, 782 S.W.2d 482, 487 (Tenn. Ct. App. 1989). The cardinal rule for interpreting and construing a will is the ascertainment of the intent of the testator. Winningham v. Winningham, 966 S.W.2d 48, 50 (Tenn. 1998). In most will construction cases, the testator's intent is determined by referring to the written language of [sic] will itself, Wright v. Brandon, 863 S.W.2d 400, 402 (Tenn. 1993); In re Tipler, 10 S.W.3d 244, 249 (Tenn. Ct. App. 1998), and not from what it is supposed the testator intended. Briggs v. Estate of Briggs, 950 S.W.2d 710, 712 (Tenn. Ct. App. 1997).

Ordinarily, extrinsic evidence is not admissible for the purpose of showing intention of the testator, and such intention must be gathered only from the four corners of the will. Fariss v. Bry-Block Co., 346 S.W.2d 705, 705 (Tenn. 1961). Extrinsic evidence may be considered when the will contains a latent, rather than a patent, ambiguity. Holmes v. Roddy, 144 S.W.2d 788, 789 (Tenn. 1940); Estate of Burchfield v. First United Methodist Church of Sevierville, 933 S.W.2d 481, 482 (Tenn. Ct. App. 1996). A latent ambiguity arises from an ambiguous state of external circumstances to which the words of the will refer. Estate of Burchfield, 933 S.W.2d at 482. It generally involves a question of identifying a person or subject mentioned in the will. Coble Sys., Inc. v. Gifford Co., 627 S.W.2d 359, 361 (Tenn. Ct. App. 1981). . . . A patent ambiguity, on the other hand, stems from uncertainty in the language itself, In re Will of Bybee, 896 S.W.2d 792, 793 (Tenn. Ct. App. 1994), and is apparent on the face of the will. It involves an ambiguous term that cannot be clarified by considering extraneous facts. Estate of Burchfield, 933 S.W.2d at 482.

. . .

The basic facts of this case are not in dispute. Rebecca Webb, the decedent's wife, predeceased him. The decedent had four children, all of whom are adults: Deborah Webb, Patricia Webb, Barbara Webb Stanfield and Glenn P. Webb, Jr., ("Glenn"). All four children survived the decedent. Because his wife predeceased him, the entire residuary estate was placed in two trusts. The first trust consisted of

two thirds (2/3) of the residuary estate and was held for the use and benefit of Deborah Ann Webb by First Tennessee Bank, N.A., as trustee. The other one-third (1/3) of the residuary estate was to be held in trust by First Tennessee Bank, N.A., trustee for the use and benefit of Patricia Marie Webb. . . . Both trusts were to be held pursuant to Item V of the decedent's 1986 Will.

The trust for Deborah was to last for her lifetime. The decedent's codicil provided that Patricia was to receive $1,000.00 per month from the trustee until she reached 40 years of age or the money was exhausted, whichever first occurred. Patricia attained age 40 on November 11, 2001, and her trust has now ended.

Deborah died on May 6, 2002. She was single and had no children. She also died without a will. The question developed as to the proper person(s) to take the balance left in Deborah's trust. Due to conflicting positions among the heirs, First Tennessee Bank, N.A. filed the Complaint to construe the decedent's will. All agree that the dispositive part of the decedent's will is Item V(c), which reads as follows:

> (c) Upon the death of either daughter of mine during the term of her trust, the trust for such deceased daughter shall devolve upon and pass to her living descendants, per stirpes, but if none, then in equal shares to my other children then living and the living descendants, per stirpes, of any deceased child of mine; provided, however, no share shall pass under this provision to either my son, Glenn P. Webb, Jr., or my daughter, Barbara Webb Stanfield, and provided further, that any share passing to a minor grandchild of mine (including the children of either my aforesaid son, Glenn, or daughter, Barbara, who may then be deceased) shall be subject to the contingent trust provisions set forth in Paragraph (d) immediately below.

The record reflects that the three other children of the decedent are still alive. The surviving children are Patricia, Glenn, and Barbara. Further, Barbara has the following children: Paul W. Stanfield, Jr., and Alicia M. Stanfield. Glenn has the following children: Thomas Blake Webb, Tristin Tanner Webb, Rebecca Lynn Webb, Wendy Leigh Webb, Elizabeth Ann Webb, Glenn Patterson Webb, III, and Teddy Guider Lockerby. Thomas Blake Webb and Tristin Tanner Webb are minor children of Glenn P. Webb, Jr., and are represented herein by Charles Hill Anderson as their guardian ad litem. Patricia has no children or descendants.

At this point, the Chancellor opined that the issue thus becomes whether the above quoted item is ambiguous. The Chancellor's Opinion then analyzed Item V(c) as follows:

> A court must find the intention of the testator by giving the language used in the will the most easy, reasonable, and natural meaning, not a strained meaning by use of subtle or artificial rules of construction. National Bank of Commerce v.

Greenberg, 258 S.W.2d 765, 768 (Tenn. 1953); Whitfield v. Butler, 204 S.W.2d 537, 538 (Tenn. Ct. App. 1947). Using this principle, the court now analyzes Item V(c). The phrase, "either daughter of mine during the term of her trust," in the first sentence of Item V(c) clearly refers to Deborah and Patricia as they are the only two daughters who have a trust. The second clause of the first sentence says that the deceased daughter's trust shall "pass to her living decendants, per stirpes. . . ." However, Deborah had no living descendants. So, we have to go further.

The next clause (still in the first sentence) provides that the trust balance will pass in equal shares to my other children then living and the living descendants, per stirpes, of any deceased child of mine." That clause, standing alone, indicates that Deborah's two-thirds share would be divided among the decedent's three living children - Patricia, Glenn and Barbara. However, the decedent then added a proviso stating that "no share shall pass under this provision to either my son Glenn P. Webb, Jr., or my daughter, Barbara Webb Stanfield. . . ." This proviso has the effect of excluding Glenn and Barbara as beneficiaries. Their elimination leaves only Patricia as a taker of Deborah's two thirds. The final proviso of the paragraph says:

> [a]nd provided, further, that any share passing to a minor grandchild of mine (**including the children of either my aforesaid son, Glenn, or daughter, Barbara, who may then be deceased**) shall be subject to the contingent trust provisions set forth in Paragraph (d) immediately below.

Herein lies the rub. Counsel for Patricia interprets the two provisos to mean that the grandchildren of Glenn and Barbara can only take part of Deborah's trust estate if their respective parents (Glenn and/or Barbara) predecease Deborah. Because both Glenn and Barbara are still alive, therefore, their children take no part of Deborah's trust estate and Patricia gets it all. On the other hand, counsel for the other Defendants interpret the provision differently. The Defendants content that the phrase "my other children" in the second clause refers to Glenn and Barbara alone. Therefore, the phrase "my other children," combined with the final proviso, is so ambiguous that extrinsic evidence should be admissible to show the testator's intent regarding whether the children of Glenn and Barbara can take a share of Deborah's trust estate if Glenn and Barbara are still living.

First, the court is of the opinion that Item V(c) is not ambiguous. Because the will provision is not ambiguous, extrinsic evidence is not admissible to determine the intention of the testator. (Citations omitted). Based upon a plain and natural reading of Item V(c), the court construes the provision to mean that Glenn and/or Barbara had to predecease Deborah in order for Glenn and/or Barbara's children to inherit any part of Deborah's trust estate. This interpretation is further bolstered by the phrase, "to my other children **then living** and the living descendants, per stirpes, of any **deceased** child of mine," also found in Item V(c). Therefore, because Glenn and

-4-

Barbara are still alive, their children take no part of Deborah's trust estate under both of the clauses quoted above. Patricia Webb takes the entire trust estate because she is the only surviving child of the decedent who was not disinherited.

The construction of a Will is a question of law, and the Court in construing the Will determines the intent of the testator and will give it effect, unless it contravenes some law or public policy. *See, Third National Bank of Nashville, v. First American National Bank of Nashville*, 596 S.W.2d 824, 828 (Tenn. 1980). The Chancellor correctly pointed out the obvious limitations which is that before a grandchild can inherit, his or her parents must predecease the original trust beneficiary. But appellants argue that the phrase "other children" is ambiguous and claim that there are at least two other "plausible" interpretations of Item V(c). However, the Chancellor's analysis rebuts these arguments, and we likewise find this position to be without merit.

Finally, appellants argue that the Chancellor should have allowed them to introduce extrinsic evidence. But the Chancellor found the provision was not ambiguous and the courts will not allow extrinsic evidence to be used to create an ambiguity. *See, Ferris v. Bry-Block Co.*, 346 S.W.2d 705, 712 (Tenn. 1961). Moreover, appellants filed no affidavits on this issue pursuant to Tenn. R. Civ. P. 56.

For the foregoing reasons, we affirm the Judgment of the Chancellor and remand, with the cost of the appeal assessed jointly to appellants Barbara Webb Stanfield, Paul W. Stanfield, Jr., and Alicia M. Stanfield.

_____
HERSCHEL PICKENS FRANKS, P.J.