FLORA CLARK v. MARY A. CLARK et als.

EVIDENCE. *Parol. Inadmissible. When.* Parol evidence is inadmissible to contradict, add to, or explain a will where there is no ambiguity on its face.

FROM MONROE.

Appeal from the Chancery Court at Madisonville. O. P. TEMPLE, Ch.

W. B. STALEY, W. L. HARBISON and P. B. MAYFIELD for complainant.

BROWN & HICKS for defendants.

COOPER, J., delivered the opinion of the court.

By his last will Thomas Clark, who died on the 8th of October, 1863, devised as follows:

"I give and bequeath to my wife Flora, and Zachariah Taylor and Thomas Benton, my two sons, the home place, to-wit: the quarter on which the house stands, during my wife's natural lifetime, and after her

death to be divided between Zachariah T. and Thomas B., my two youngest sons."

On the 4th of May, 1874, this bill was filed for a construction of this clause of the will, and, in the event it should be construed not to give the complainant, Flora Clark, a life estate in the entire home place, then that the said Flora be permitted to dissent from her husband's will on the ground that she had been fraudulently deceived by the executor in regard to the terms of this provision. A demurrer to this bill was overruled by the Chancellor, and, on appeal, his decree was affirmed by this court, and the cause remanded for further proceedings. On the 12th of July, 1876, the cause was heard by the Chancellor, and he construed the will to give the home place to the complainant and the two sons of the testator named therein as tenants in common during the life of the complainant; to the two sons in fee simple at her death. The Chancellor remanded the cause to the rules for further proof on the other question made by the bill. On the 6th of December, 1876, the cause was further heard on the equity reserved, and the bill dismissed upon the ground that the complainant had failed to make out any case for dissenting from her husband's will. She appealed.

No point has been made on the course of the Chancellor in hearing the cause by piece-meal, a practice by no means to be recommended. *Hume* v. *Commercial Bank*, 1 Lea, 220. Nor is it contended that the Chancellor erred in his conclusion on the question of the complainant's claim to dissent from her hus-

Clark *v.* Clark.

band's will.   It is clear that she has failed to show sufficient ground for this relief.   The only argument submitted has been on the correctness of the Chancellor's construction of the will.

The clause in controversy plainly gives the home place to the widow and two sons during the widow's natural life.   There is no ambiguity in the language, nor doubt as to its meaning.   The testimony of the draftsman of the will, and of one of the attesting witnesses, is taken to prove that the oral instructions of the testator to the draftsman, when the will was drawn, were to give the whole of the home place to his wife for life.   The bill, however, makes no such claim, and if it did, the evidence would be inadmissible.   No principle of the law of wills, as I have recently had occasion to say in another capacity, is more firmly established, or sustained by a more continuous line of decisions from the earliest to the latest times, than that parol evidence cannot be admitted either to contradict, add to, or explain a will, where there is no ambiguity on its face.   *Horton* v. *Thompson*, 3 Tenn. Ch., 581, citing *Weatherhead* v. *Sewell*, 9 Hum., 272, and other cases.

The decree below will be affirmed with costs.