IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

IN THE MATTER OF:  )
THE LAST WILL AND TESTAMENT  )
OF GLADYS G. TIPLER, Deceased  )
  )
MARSH E. TIPLER, Cameron Park,  )       Shelby Probate No. B-2498-1
California; LOUISE STEVENS, Forest Park,  )
Georgia; SAMMIE TIPLER, Rossville,  )
Tennessee, the issue of George Tipler; TWILA  )
WILSON, Byhalia, Mississippi, the issue of  )
George Tipler; JOANN RUDNICK, McKinney,  )
Texas; DEAN TIPLER, Pinole, California;  )
GLADYS COLIN, Thousand Oakes,  )
California; BOBBYE LABARREARE,  )
Collierville, Tennessee, Guardian of  )
CHRISTOPHER LABARREARE, a Minor, and )
the issue of Edwin LaBarreare; DIANE  )
LABARREARE DINGUS, Collierville,  )
Tennessee, the Issue of Edwin LaBarreare;  )
MICHAEL LABARREARE, Memphis,  )
Tennessee, the Issue of Edwin LaBarreare;  )
SUZANNE LABARREARE CRAWFORD, Bay, )
Arkansas, the issue of Edwin LaBarreare, )
  )
        Plaintiffs/Appellees,  )
  )
vs.  )
  )
GLORIA G. VAN MOOREGHEM, Long  )       Appeal No.  02A01-9707-PB-00173
Beach, California; CHARLES G. GAIA,  )
Lakewood, California; PATRICIA G.  )
GUSTAFSON, Lakewood, California; LOUISE  )
G. ENSIGN, Long Beach, California; JANET  )
TUFF SCOTT, Everett, Washington; JAMES  )
EDWARD SCOTT, JR., Vista, California;  )
ROGER SCOTT, Tustin, California,  )
  )
        Defendants/Appellants.  )

FILED

December 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE PROBATE COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE

THE HONORABLE LEONARD D. PIEROTTI, JUDGE

For the Plaintiffs/Appellees:          For the Defendants/Appellants:
Charles G. Black                       Ernest G. Kelly, Jr.
Memphis, Tennessee                     Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, JUDGE

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This is a will contest. The decedent executed a will, and later executed a holographic codicil to the will. The holograph directed that, if her husband predeceased her, her property should be distributed in accordance with his will. The decedent's husband predeceased her. Enforcement of the holographic codicil was challenged in court by the decedent's heirs. The trial court applied the doctrine of facts of independent significance and ordered the decedent's assets be distributed in accordance with her deceased husband's will. We affirm.

Mrs. Gladys S. Tipler ("Testatrix") executed a formal will on April 2, 1982. This will left the bulk of her estate to her husband, James Tipler ("Husband"), upon the contingency that he survive her. The will did not address the distribution of the estate in the event that Husband predeceased Testatrix. Two days later, Testatrix executed a holographic codicil to the formal will. The codicil reads as follows:

> Should my husband predecesse [sic] me I hereby declair [sic] that his last Will and testament upon his death is our agreement here to four [sic] made between us in Section III of my Will. With the exception Mr. Tipler or myself can elect to make any changes as we desire depending upon which one predeceasest [sic] the other. If no changes are made by either of us this will be our last will and testament.

Thus, the codicil indicated that if Husband predeceased Testatrix, his last will and testament would control the disposition of her estate. At the time the codicil was executed, Husband had not yet executed a will. Husband died in 1990. His will, executed six months prior to his death, created a trust for Testatrix, and directed that upon her death the property be distributed to his relatives. Testatrix died in 1994.

The beneficiaries under Husband's will sought enforcement of Testatrix's codicil in Shelby County Probate Court. This action was challenged by Testatrix' heirs, who would otherwise take under the Tennessee intestacy statute. The Testratix' heirs asserted that the holographic codicil should not be enforced because it referred to a document not yet in existence, i.e. Husband's will. They argued that Tennessee law requires that for a holographic will to be enforceable, "all its material provisions must be in the handwriting of the testator. . . ." Tenn. Code Ann. § 32-1-105 (1984). Since Testatrix' holograph referred to Husband's will, Testatrix' heirs maintained that material provisions were not in Testatrix' handwriting.

At the trial, the beneficiaries under Husband's will introduced evidence regarding Testatrix' intent. The testimony indicated that Testatrix was not close to her family. One witness stated that Testatrix described her sisters as "greedy," indicating that "if anything happened to her [Testatrix],"

her sisters would be like "a bunch of vultures" or "a bunch of barracudas. . . ." Evidence indicated that Testatrix "thought of Mr. Tipler's family as her family." Witnesses testified that Testatrix loved her husband dearly and frequently said, "whatever Tippy [Husband] wants is what I want."

After the bench trial, the trial court issued a Memorandum Opinion. The trial court found that the issue of incorporation by reference was not applicable because Husband's will was not in existence at the time Testatrix' codicil was written. The trial court then stated:

> The relevant inquiry is whether the doctrine of facts of independent significance applies in the case at bar. Tennessee recognizes the doctrine of independent significance. **Smith v. Weitzel**, 338 S.W.2d 628, 637 (Tenn. 1960) ("As to the proposition of independent significance. . . we call attention to Sec. 54.2 of Scott on Trusts).
>
> **Scott on Trusts**, 4th Edition, Section 54.2, page 9, states:
>
> **Section 54.2: Where disposition is determined by facts of independent significance.** There is another doctrine of the law of wills that is sometimes confused with the doctrine of incorporation by reference. Even though a disposition cannot be fully ascertained from the terms of the will, it is not invalid if it can be ascertained from the facts that have a significance apart from their effect upon the disposition in the will. Indeed, it is frequently necessary to resort to extrinsic evidence to identify the persons who are to take or the subject matter of the disposition.
>
> Therefore, under the doctrine of independent significance, a court may refer to extrinsic evidence to identify the persons who are to take under the will. In the case at bar, Mrs. Tipler left her residuary estate in Section III to her husband. However, in her holographic codicil, she stated, in her handwriting, that if her husband predeceased her, her residuary estate would pass according to their agreement as indicated in his will.
>
> * * *
>
> A testator may [have] intended for his property to go the same persons who are named in another person's will, and the gift of the testator's property by his will can be upheld on the ground of independent significance. This doctrine of independent significance is an escape mechanism from the strict requirements of incorporation by reference. 2 Bowe-Parker: **Page on Wills**, Section 19.34, page 119.
>
> * * *
>
> In the case bar, Mrs. Tipler left her residuary estate to Mr. Tipler in her Last Will and Testament, on April 2, 1982. Like the **Klein** case, she modified that provision in her holographic codicil two days later in order to give Mr. Tipler the privilege of naming the persons who would take his part of her estate should he die first. The doctrine of independent significance is satisfied because Mr. Tipler's will had an independent significance of distributing his estate and was not written with the intention of distributing Mrs. Tipler's estate.

After noting that the testator's intent controls in construing a will, the trial court then considered the witnesses' testimony to determine Testatrix' intent. The trial court noted that testimony indicating that Testatrix "did not like her family." It found:

> This Court finds that the testimony of Ms. Meredith and Mr. May reveals the conditions, situations and surroundings of Mrs. Tipler when she used the term "agreement" in her holographic codicil. This Court further finds that although neither Ms. Meredith nor Mr. May testified as to an exact "agreement" between Mrs. Tipler and Mr. Tipler regarding their estates, the facts and circumstances reveal that Mrs. Tipler considered Mr. Tipler's family her own and that she did not want her relatives to receive any portion of her estate.

The trial court then ordered that Testatrix' residuary estate be distributed in accordance with Husband's will, concluding as follows:

> The Court finds and holds that Mrs. Tipler's codicil contained all of the material provisions necessary to determine how her residuary estate would be distributed. Her estate is to be distributed according to an agreement which she identifies in her own handwriting. The identity of the beneficiaries agreed upon can be determined from the facts of independent significance contained in Mr. Tipler's Will as well as from the testimony of Ms. Meredith and Mr. May. The Court further rules that Mrs. Tipler intended to dispose of her residuary estate to her husband; if her husband predeceased her, she intended to dispose of her estate to Mr. Tipler's relatives in the manner in which Mr. Tipler distributed his estate in his will. Therefore, this Court further finds and so holds that Mrs. Tipler's handwritten document dated on April 4, 1982 was a valid holographic codicil. This Court further finds and holds that the identity of the beneficiaries and the percentage of their shares under Mrs. Tipler's estate are found in Article V of Mr. Tipler's Last Will and Testament. This Court finds and holds hat this extrinsic evidence found in Mr. Tipler's Will is incorporated into Mrs. Tipler's will under the Tennessee recognized doctrine of independent significance.

Testatrix' heirs, who would receive Testatrix' residuary estate if the codicil were invalid, now appeal the decision of the trial court.

On appeal, the Appellants note that Tennessee Code Annotated § 32-1-105 requires that, for a holographic will to be valid, "the signature and all its material provisions must be in the handwriting of the testator. . . ." Tenn. Code Ann. § 32-1-105 (1984). The appellants argue that the holograph in this case, which refers ambiguously to an "agreement" between Testatrix and her husband, does not have "all its material provisions" in Testatrix' handwriting since it attempts to incorporate Husband's will. They contend that the holographic codicil would not be valid if it incorporated by reference a document already in existence, and argue that it would be error then to conclude that the holographic codicil could validly incorporate a document not yet in existence when the codicil was executed.

3

The issue presented in this appeal is a question of law; therefore, the scope of review is *de novo* with no presumption of correctness. *See* Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

A number of cases from other jurisdictions involve facts somewhat similar to this case. *See Baxley v. Birmingham Trust Nat'l Bank*, 334 So. 2d 848 (Ala. 1976); *Rogers v. Walton*, 39 A.2d 409 (Me. 1943); *Leary v. Liberty Trust Co.*, 171 N.E. 828 (Mass. 1930); *In re Piffard's Estate*, 18 N.E. 718 (N.Y. 1888). In *Piffard's Estate*, a father's will contained an absolute devise and bequest to his daughter. In a later codicil, the testator provided that should the daughter predecease him, the devise and bequest from his estate should be distributed according to the terms of her will. The daughter predeceased the father. The daughter's will was not written at the time of the codicil; therefore, there was no incorporation by reference. The court found that the doctrine of facts of independent significance applied and distributed the assets of the testator's estate according to the terms of the daughter's will. The court of appeals stated that the testator's will refers to the daughter's will, "not as transferring the property by an appointment, but to define and make certain the persons to whom, and the proportions in which, the one-fifth should pass by the father's will in case of the death of the daughter in his lifetime." *In re Piffard's Estate*, 18 N.E 718, 719.

In an Alabama case, the testator executed a codicil to her will that provided that in the event her son predeceased her, a portion of her residuary estate would be distributed according to the terms of her son's will. *First Nat'l Bank v. Klein*, 234 So. 2d 42, 44 (Tenn. 1970). The appellate court found that the devise "should be given effect under the doctrine of 'facts of independent significance,' a doctrine recognized when the facts may not justify the application of the doctrine of 'incorporation by reference.'" *Id.* at 45-46. The court stated that the doctrine of facts of independent significance was created to provide an "escape mechanism" device in order to give effect to the intention of the testator, while preserving the integrity of the statute of wills. *Id.*

However, in these cases, the court did not indicate that the codicils at issue were holographs. Consequently, the facts are distinguishable from this case. In this case, we have a holographic codicil which seeks to incorporate the distribution plan of another will, not in the handwriting of the testator. Tennessee law provides that, to be valid, all the material provisions of a holographic will must be in the handwriting of the testator. Tenn. Code Ann. § 32-1-105 (1984). Therefore, we must determine whether the holographic codicil in this case contains all material provisions in Testatrix'

4

handwriting. Only then will the doctrine of facts of independent significance apply.

The codicil in this case must be considered in light of two important common law principles regarding will construction: the presumption against intestacy and the weight given to the testator's intent. The common law presumption against partial intestacy was codified in Tennessee Code Annotated § 32-3-101 (1984).[1] This presumption "is applicable when the words used, *by any fair interpretation*, will embrace the property not otherwise devised, unless a contrary intention appears from the context." ***McDonald v. Ledford***, 140 Tenn. 471, 475, 205 S.W. 312, 313 (1917) (citing ***Oldam v. York***, 99 Tenn. 68, 41 S.W. 333 (1897) (emphasis added). This rule operates to prevent testamentary gifts from lapsing or failing through the incomplete drafting of the will.

The intent of the testator is the most important factor in will construction cases. The court must give effect to that intent unless it contravenes some rule of law or public policy. ***Third Nat'l Bank v. First American Nat'l Bank***, 596 S.W.2d 824, 828 (Tenn. 1980). "The testator's intention is to be ascertained from the particular words used in the will itself, from the context in which those words are used, and from the general scope and purposes of the will, read in the light of the surrounding and attending circumstances." ***Presley v. Hanks***, 782 S.W.2d 482, 487 (Tenn. App. 1989) (citing ***Moore v. Neely***, 212 Tenn. 496, 502-03, 370 S.W.2d 537, 540 (1963); ***Fisher v. Malmo***, 650 S.W.2d 43 (Tenn. App. 1983)). Other than a small bequest to a niece, Testatrix did not provide for her family members in her will. Testimony at trial established that Testatrix was not on good terms with her family members and felt that her husband's family was her family. Under these circumstances, the evidence does not preponderate against the trial court's finding that Testatrix intended that her estate be distributed to her Husband's family through his will and according to his wishes. The evidence of Testatrix's intent was properly considered by the trial court.

---

[1] Tennessee Code Annotated § 32-3-101 provides as follows:

> A will shall be construed, in reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, and shall convey all the real estate belonging to him, or in which he had any interest at his decease, unless a contrary intention appear by its words in context.

In determining whether this codicil contained "all material provisions" in Testatrix' handwriting, we must note that the identity of the beneficiaries is obviously an important item in a will. In this case, the witnesses' testimony in this case does not indicate that Testatrix wanted her estate to be distributed to particular members of Husband's family. Rather, it indicates that Testatrix wanted her estate to be distributed to whomever Husband wished. Under these circumstances, a holograph which bequeaths her estate to persons named as beneficiaries under Husband's will would contain all material provisions in Testatrix' handwriting, and therefore would be valid, even though the specific identity of the beneficiaries is contained in another document not in Testatrix' handwriting.

In sum, then, the doctrine of facts of independent significance is applicable in this case to permit Testatrix' codicil to refer to Husband's will, provided the document is a valid holographic codicil. To determine whether the holograph contains all material provisions in Testatrix' handwriting, the trial court properly considered Testatrix' intent. Evidence preponderates in favor of the trial court's finding that Testatrix was estranged from her family and wanted her estate to go to Husband's family. Since Testatrix wanted her estate to go to whomever Husband wished, the codicil contained all material provisions in Testatrix' handwriting, even though it stated only that her estate should go to the beneficiaries under Husband's will and did not specifically name beneficiaries. Therefore, the trial court did not err in distributing Testatrix' estate to the beneficiaries under Husband's will.

For the above reasons, we affirm the decision of the trial court. Costs of appeal are assessed against the Appellants, for which execution shall issue, if necessary.

_____
HOLLY KIRBY LILLARD, J.

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**

_____
**ALAN E. HIGHERS, J.**

6