IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 20, 2017 Session

## IN RE ESTATE OF WANDA JOYCE WATKINS

**Appeal from the Probate Court for Loudon County**
No. 4455      Rex Alan Dale, Judge

_____

## No. E2016-02388-COA-R3-CV

_____

This appeal involves the interpretation and enforcement of a will executed by Wanda Joyce Watkins ("the Decedent").[1] Specifically at issue is a provision bequeathing the residue and remainder of the Decedent's estate to her prior husband, Mr. John Vance ("Mr. Vance"). Although Mr. Vance's children ("the Vance children") claimed entitlement to the residuary estate by virtue of the anti-lapse statute codified at Tennessee Code Annotated section 32-3-105, the executrix of the estate contended that such a disposition was inconsistent with the Decedent's intent. The trial court agreed with the position of the executrix and rejected the Vance children's claim to receive under the will. The trial court also held that portions of the respective parties' attorney's fees should be paid by the estate. Although we reverse the trial court's decision regarding the application of the anti-lapse statute, we affirm its order as it pertains to the assessment of attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Reversed in Part, Affirmed in Part and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and THOMAS R. FRIERSON, II, JJ., joined.

Ginger Wilson Buchanan, Cleveland, Tennessee, for the appellants, John Darrell Vance, Nancy Ann Ferrara, Wendy Michelle Vance Knott, and William Landon Vance.

O.E. Schow, IV and Robert L. Vance, Knoxville, Tennessee, for the appellee, Kimberly B. Jenkins.

Amy Bingham and Barry N. Blanton, Appellees.[2]

---

[1] At the time she executed the will, the Decedent's name was listed as Wanda J. Vance.

[2] Appellees, Amy Binghman and Barry N. Blanton did not file a brief.

## OPINION

## Background and Procedural History

The Vance children, who are the Appellants in this matter, are the former stepchildren of the Decedent. Their father, Mr. Vance, was the Decedent's second husband. In April 1991, the Decedent executed a will that provided for the disposition of her estate. The will, which was prepared by counsel, contained the following residuary provision which forms the basis of this dispute:

> FIFTH: All the rest, residue and remainder of my estate, I give, devise and bequeath to my husband, JOHN M. VANCE.

Mr. Vance died on July 14, 1996, predeceasing the Decedent. Notably, the Decedent never revoked her 1991 will. She passed away after a bout with cancer on May 28, 2012. Following her death, her will was admitted to probate in the Probate Court for Loudon County.

The present controversy ensued when the Decedent's daughter and executrix of the estate, Kimberly B. Jenkins ("Ms. Jenkins"), filed a "Petition to Construe Will" on November 12, 2013. On the same date, the Vance children filed a motion to intervene. Specifically at issue in these filings was the disposition of the residuary estate, which the will bequeathed to Mr. Vance. Of particular concern to Ms. Jenkins was the disposition of a farm that the Decedent had inherited from her family. Ms. Jenkins maintained that, although the anti-lapse statute codified at Tennessee Code Annotated section 32-3-105 might be construed to hold that the interest of Mr. Vance should pass to his issue, the court should construe the will in favor of a finding that the Decedent intended all of her real property to pass to her lineal descendants and not the lineal descendants of Mr. Vance. In their motion to intervene, the Vance children asserted that the anti-lapse statute governed the case and that they were "rightfully entitled to the assets directed to pass to John M. Vance."

A hearing on the matter was held in May 2014. During the hearing, Ms. Jenkins testified—over the objection of the Vance children's counsel—to the relationship that had existed between the Decedent and the Vance children. Ms. Jenkins stated that their relationship had been a "very tense" one, and she testified that the Decedent had never said anything when she executed her will to indicate that she wanted the Vance children to receive a portion of her estate. The trial court took the case under advisement following the hearing.

On October 24, 2014, the trial court entered an order holding that the anti-lapse statute did not apply. Instead of holding that the Vance children were entitled to recover under the will's residuary provision, the trial court held that "the residuary estate of Decedent passes to Decedent's heirs by intestate succession." In reaching this conclusion, the trial court observed that the will made no reference to the Vance children. Further, the trial court made note of the "tense" relationship that had existed between the Vance children and the Decedent. In a later order entered on November 2, 2016, the trial court held that a certain portion of Ms. Jenkins's and the Vance children's attorney's fees should be paid out of the estate. This appeal followed.[3]

### Issues Presented

The Vance children raise the following issues on appeal, restated slightly:

1. The trial court erred in failing to apply the provisions of Tennessee Code Annotated section 32-3-105.

2. The trial court erred in admitting parol evidence to determine the intent of the Decedent.

3. The trial court erred in taxing the attorney's fees of the executrix to the estate.

In her brief, Ms. Jenkins[4] separately maintains that the trial court erred in awarding attorney's fees to the Vance children.[5]

### Standard of Review

This case involves the construction of a will. When we are required to construe a will, and there is no dispute in the evidence as to any material fact, the question on appeal is one of law. *In re Estate of McFarland*, 167 S.W.3d 299, 302 (Tenn. 2005) (citation omitted). A question of law is reviewed de novo, with no presumption of correctness.

---

[3] Following the filing of this appeal, the trial court entered amended orders restating its rulings from the October 24, 2014 and November 2, 2016 orders in order to comply with Rule 58 of the Tennessee Rules of Civil Procedure.

[4] Although Appellees Amy Bingham and Barry Blanton—who, like Ms. Jenkins, are children of the Decedent—did not file briefs in this appeal, they did file a statement indicating that they "are in agreement with the positions stated in the brief of [Ms. Jenkins]."

[5] Although Ms. Jenkins's brief contains argument that she should be awarded attorney's fees on *appeal*, the request for such fees is not included in her "Issues Presented for Review." As such, the matter is waived. *See Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) (citation omitted) ("We may consider an issue waived where it is argued in the brief but not designated as an issue.")

*See Estate of Burchfiel v. First United Methodist Church of Sevierville*, 933 S.W.2d 481, 483 (Tenn. Ct. App. 1996) (citation omitted).

## Discussion

"The intent of the testator is the most important factor in will construction cases." *In re Tipler*, 10 S.W.3d 244, 249 (Tenn. Ct. App. 1998). A court must give effect to a testator's intent unless it contravenes a rule of law or public policy. *Id.* (citation omitted). "The testator's intention is to be ascertained from the particular words used in the will itself, from the context in which those words are used, and from the general scope and purposes of the will, read in the light of the surrounding and attending circumstances." *Fisher v. Malmo*, 650 S.W.2d 43, 46 (Tenn. Ct. App. 1983) (citations omitted). If a decedent's will has been drafted by an attorney, a court should give its technical words their technical meaning "unless the intention of the testator is clearly to the contrary." *Id.* (citation omitted).

When necessary, parol evidence is admissible "both to place the Court in a knowledge of the condition and circumstances surrounding the testator when he executed his will, and to resolve uncertainties or ambiguities in the will as to the testator's intentions." *Treanor v. Treanor*, 152 S.W.2d 1038, 1041 (Tenn. Ct. App. 1941) (citations omitted). However, parol evidence is inadmissible "to add to, vary, or contradict the language used in a will." *Id.* (citations omitted); *see also Clark v. Clark*, 70 Tenn. 723, 725 (1879) (citation omitted) ("No principle of the law of wills . . . is more firmly established, or sustained by a more continuous line of decisions from the earliest to the latest times, than that parol evidence can not be admitted either to contradict, add to, or explain a will, where there is no ambiguity on its face."). "Where there is no ambiguity there is no warrant for construction." *Moore v. Moore*, 315 S.W.2d 526, 529 (Tenn. 1958) (citation omitted).

In this case, the plain language of the will embraces the conclusion that the Decedent intended to dispose of the entirety of her estate by will. Indeed, as we have previously highlighted, the will's fifth provision unambiguously provides as follows: "All the rest, residue and remainder of my estate, I give, devise and bequeath to my husband, JOHN M. VANCE." From this language, it is not only clear that the Decedent intended to dispose of the entirety of her estate, it is also clear that she intended *Mr. Vance* to receive whatever remainder interest was not otherwise transferred through a specific devise or bequest.

Of course, the present controversy stems from the fact that Mr. Vance predeceased the Decedent. How is the residuary estate to be disposed of in light of his death? That is the ultimate question before this Court on appeal, and one on which we reach a different conclusion than the trial court.

- 4 -

Unlike the trial court, we are of the opinion that the answer to this question is governed by Tennessee Code Annotated section 32-3-105. In relevant part, that statute provides as follows:

> Whenever the devisee or legatee or any member of a class to which an immediate devise or bequest is made, dies before the testator, or is dead at the making of the will, leaving issue that survives the testator, the issue shall take the estate or interest devised or bequeathed that the devisee or legatee or the member of the class, as the case may be, would have taken, had that person survived the testator, unless a different disposition thereof is made or required by the will.

Tenn. Code Ann. § 32-3-105(a). This statute, commonly known as the "anti-lapse" statute, "works to save lapsed gifts for the representatives of the predeceased beneficiary." *In re Estate of McFarland*, 167 S.W.3d at 303 (citation omitted). It functions "to further the presumed intent of the testator in the absence of any contrary intent expressed through the will." *Id.* (citation omitted). The statute is predicated upon the presumption that "if the testator 'thought enough' of the beneficiary to make a gift to her in the will, the testator would want the beneficiary's issue to take the gift if the beneficiary predeceased the testator." *In re Estate of Swift*, No. W2012-00199-COA-R3-CV, 2012 WL 5868894, at *5 (Tenn. Ct. App. Nov. 20, 2012) (citation omitted).

Pursuant to its terms, the anti-lapse statute does not apply if "a different disposition . . . is made or required by the will." Tenn. Code Ann. § 32-3-105(a). Thus, if the will in this case had specifically stated who would receive the residuary estate should Mr. Vance predecease the Decedent, the anti-lapse statute would not be operative. Moreover, a "different disposition" is implicated when the will imposes a survivorship requirement on the named beneficiary. *See In re Estate of Swift*, 2012 WL 5868894, at *4-7. For example, had the will stated that Mr. Vance would only receive the residuary estate if he survived the Decedent, the anti-lapse statute would not apply.

As it is, the will at issue does not place any conditions on Mr. Vance's entitlement to the residuary estate, nor does the will specify who is to receive the residuary estate in the event that he predeceases the Decedent. Indeed, the disposition made with respect to the residuary estate is absolute. As such, contrary to the trial court's determination, we are of the opinion that the will fails to provide for a "different disposition" under Tennessee Code Annotated section 32-3-105. Considering this fact and taking heed that Mr. Vance had surviving issue, the anti-lapse statute directs that they "take the estate or interest devised or bequeathed that . . . . [Mr. Vance] would have taken, had [he] survived the testator." Tenn. Code Ann. § 32-3-105(a). We must therefore reverse the trial court and specifically conclude that the Vance children are entitled to receive the Decedent's residuary estate under the will.

In closing, we note that both sides assert that the trial court erred in ordering that a portion of the other side's attorney's fees be paid by the estate. Having reviewed the record transmitted to us on appeal, we decline to disturb the trial court's judgment on this issue. Although Tennessee follows the American Rule which provides that "each litigant must wage its own fight for justice with its own resources," there are exceptions. *In re Estate of Greenamyre*, 219 S.W.3d 877, 884 (Tenn. Ct. App. 2005) (citations omitted). "Will construction cases represent a well-known exception to the American Rule." *Id.* at 884-85. At times, litigation may be to the benefit of the estate, as well as its beneficiaries, and courts can require a testator's estate to pay the attorney's fees of parties named as defendants in will construction cases filed by executors. *Id.* at 885 (citations omitted). Courts may shift the burden of paying attorney's fees from the client to the estate, however, only after they are satisfied that the purpose of the litigation was to benefit the estate. *Id.* (citations omitted). The decisions pertaining to an award of attorney's fees are reviewed under an abuse of discretion standard. *Id.* As is relevant herein, we note that "[d]eciding whether a party's attorney's fees should be paid by the estate does not necessarily hinge on the success of the party's claims." *Id.* at 886 (citations omitted). "The controlling question is whether the entire estate benefitted from the efforts of the party's lawyer." *Id.*

In this case, it is apparent that the trial court found that both Ms. Jenkins's and the Vance children's efforts benefitted the estate. It noted that Ms. Jenkins's will construction petition was necessary so that she could carry out her duties as executrix, and although it noted that the Vance children had not prevailed, the trial court observed that its holding provided a "clear benefit to the estate by judicial construction of the effective distribution . . . under the residuary estate clause."[6] Thus, in the view of the trial court, both sides had contributed to reaching a definitive resolution on the proper construction of the will. In the previously-cited *In re Estate of Greenamyre* decision, this Court affirmed a trial court's decision to assess a beneficiary's attorney's fees against the estate, despite the fact that the beneficiary's substantive arguments related to the will were not successful. We noted as follows:

> The trial court's decision to require the estate to pay the fees of the four attorneys who participated in this case reflects its conclusions that the suit to construe Dr. Greenamyre's will was appropriate, that the work of all the attorneys benefitted the estate, and therefore, that the estate should be required to pay all or a portion of the parties' attorney's fees.

> * * * *

---

[6] Although the amount of fees to be assessed against the estate was first outlined in the trial court's November 2, 2016 order, the trial court's analysis regarding the parties' right to receive reimbursement from the estate was discussed in an order dated August 12, 2016.

The controlling question is whether the entire estate benefitted from the efforts of the party's lawyer. Dr. Stanger's participation in the suit to construe Dr. Greenamyre's will benefitted the estate even though she did not prevail. Her claims have now been definitively resolved, and her attorney aided materially in that resolution. Now that the questions regarding Dr. Greenamyre's will have been laid to rest, Ms. Gibbons may distribute the assets and close the estate without further controversy or dispute.

*Id.* at 886.

Here, we cannot conclude that it was an abuse of discretion to award attorney's fees in light of the trial court's implicit finding that both sides benefited the estate by contributing to a definitive resolution of interpretation. This remains so notwithstanding our conclusion that the trial court's ultimate construction of the will was flawed. Our reversal of the trial court's legal conclusion gives no occasion to disturb its determinations regarding the contributions of the parties. Indeed, as we have noted, the right to reimbursement from the estate does not always hinge on a party's success. *Id.* For these reasons, the trial court's awards of attorney's fees against the estate are affirmed.

**Conclusion**

The trial court's refusal to apply the anti-lapse statute was in error. The Vance children are entitled to receive the Decedent's residuary estate under the will. Despite our reversal of the trial court on this issue, we affirm the trial court's decision to assess a portion of both sides' attorney's fees against the estate. Costs of this appeal are assessed against the Appellees, Kimberly B. Jenkins, Amy Bingham, and Barry N. Blanton. This case is remanded to the trial court for the collection of costs, enforcement of the judgment, and for such further proceedings as may be necessary and are consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE