IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 5, 2018 Session

IN RE ESTATE OF IVY LONZO ARMSTRONG

Appeal from the Probate Court for Dickson County
No. 04-14-068-P     Michael R. Meise, Judge

_____

No. M2017-00341-COA-R3-CV

_____

Heirs of intestate decedent appeal the probate court's construction and interpretation of a trust agreement established by the decedent's wife and the decedent's wife's will. The trust terminated at the death of the decedent and court awarded the assets remaining in the trust in accordance with the residual clause of the decedent's wife's will, rather than allowing the assets to go to Husband's estate, as sought by the decedent's heirs. We conclude that the trial court's construction and interpretation of the instruments and distribution of assets aligns with the decedent's wife's expressed intent and accordingly, affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed;
Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and JOHN WESLEY MCCLARTY, JJ., joined.

Ryan P. Durham, Charles W. Holt, Jr., Ben Boston, and Cameron Hoffmeyer, Lawrenceburg, Tennessee; C. Anthony Edwards and Jeremy W. Prince, Columbia, Tennessee; for the appellants, Sheila Southern, Betty Lightfoot, Jeffrey Alan Armstrong, Shawn Aitken, Brenda Moss, Billy E. Marlin, Sandra Diane Lindsey, Peggy Faye Stephenson, Maxie Leon Gidcomb, Johnny Gidcomb, James Gidcomb, Judy K. Victory, Jerry Armstrong, Betty Jean Hudson, Glenda Sue Armstrong Hayes, Teresa Lawrence, Linda Armstrong Noland, Annie Vaughn, Marjorie R. Hale, Patricia Ann Stephens, David Holland, Carolyn Albert, Anita Walls, Wilma Dean Armstrong Story, Mylysia Spann, Billy J. Holland, Jane Lowe, Bobby Armstrong, Melissa Parker-Schyll, Michael Ray Armstrong,

Bruce N. Oldham, Gallatin, Tennessee, for the appellants, Patricia Lynn Gidcomb, Rhonda Gidcomb Oldham, D. Lee McGahey, and Russell Whittaker.

Benjamin C. Regen, Dickson, Tennessee, for the appellee, Ralph Armstrong, Trustee of the Allene and Ivy Armstrong Living Trust.

Radford H. Dimmick, Nashville, Tennessee, for the appellees, Joan Theis, Kevin Adcox, and Sandra Sage.

Andra Hedrick, Nashville, Tennessee, Special Fiduciary.

**OPINION**

## I.    FACTUAL AND PROCEDURAL HISTORY

This appeal involves a dispute between the heirs of Ivy Lonzo Armstrong ("Decedent"), who died intestate in Dickson County on March 23, 2014, and the Administrator of his estate. Mr. Armstrong's spouse, Marion Allene Adcox Armstrong, predeceased him, and he died without issue, leaving the children of his 10 brothers and sisters as his heirs at law.

Prior to her death, Allene Armstrong had established The Allene and Ivy Armstrong Living Trust in 2011, naming Ivy Armstrong's great nephew, Ralph Armstrong, as Trustee. The trust estate consisted of many pieces of real property and an investment account, and the income from the trust was to be used "to pay the living expenses, health care and maintenance as may be required for Settlor and her husband, Ivy Armstrong." Section XIII of the trust, which reads, "Upon the death of Settlor and Settlor's spouse, the Trustee shall distribute the remaining Trust Assets as provided in my Last Will and Testament," is at issue in this case.

Ivy Armstrong had appointed Allene Armstrong and Ralph Armstrong as his attorneys-in-fact by a power of attorney he executed January 5, 2010; Ralph Armstrong opened a probate estate for Ivy Armstrong on April 23, 2014,[1] and was appointed as Administrator. On the motion of the Administrator, a guardian *ad litem* was appointed to investigate and report to the probate court the identity and location of any heirs.

In April 2015, the Administrator filed a Final Settlement of the estate; two of the Decedent's heirs, Shelia Southern and Betty Lightfoot, filed exceptions to the Final Settlement, asserting: that the Administrator had a conflict of interest; that the Decedent was mentally incompetent at the time he executed the Power of Attorney appointing Ralph Armstrong and Allene Armstrong to act as his attorneys in fact; that the Power of Attorney did not grant Ralph Armstrong the authority to make gifts of the Decedent's

---

[1] Letters of Administration were issued again March 19, 2015; it is not clear from the record why they were issued twice.

2

assets; and that the assets of The Allene and Ivy Armstrong Living Trust should have been accounted for in the Decedent's estate. In response, the Administrator contended that the court lacked subject matter jurisdiction "over issues regarding the Allene and Ivy Armstrong Living Trust and/or the Power of Attorney executed by Ivy Armstrong."

On August 31, 2015, Ms. Southern and Ms. Lightfoot moved to have Ralph Armstrong removed as Administrator; Patricia Gidcomb and Rhonda Gidcomb Oldham, other heirs of the Decedent, filed a notice of appearance as well as a "Response in Support of Motion to Remove Administrator." The Court granted the motion, holding that "it is in the best interest of all the beneficiaries to remove the current administrator, appoint a special fiduciary to serve as administrator, and order the administrator to do a detailed accounting of the Ivy and Marion Armstrong Trust." The court appointed Attorney Andra Hedrick as Special Fiduciary.

In due course, other heirs at law of Ivy Armstrong and of Allene Armstrong joined in the proceeding;[2] the parties stipulated to certain facts and the authenticity of certain documents in order for the court to determine (a) whether it had subject matter jurisdiction over the Trust and (b) the proper disposition of the remaining assets of the Trust. The documents stipulated to by the parties included the Power of Attorney executed by Decedent, the Trust agreement for the Allene and Ivy Armstrong Living Trust, three quitclaim deeds from Ivy and Allene to the trust, and seven warranty deeds bearing dates from January 2015 to June 2015 from Ralph Armstrong as trustee of The Allene and Ivy Armstrong Living Trust to various buyers.

By order entered December 20, 2016, the court concluded that it had subject matter jurisdiction to interpret both the trust and the will of Allene Armstrong as part of the probate of the Ivy Armstrong estate due to the possibly conflicting provisions between Section XIII of the trust, directing that the assets be distributed according to Allene's will, and Article VII of her will, which left her estate to her brother, Glen Adcox, sisters, Joan Theise and Sandra Sage, and great nephews, James Gidcomb and Ralph Armstrong. The court construed the trust and Allene Armstrong's will together and held that the trust assets should be distributed in accordance with Allene Armstrong's will.

---

[2] In addition to Ralph Armstrong, Ms. Southern and Ms. Lightfoot, the heirs of Ivy Armstrong participating in this proceeding are: Jeffrey Alan Armstrong, Shawn Aitken, Brenda Moss, Billy E. Marlin, Sandra Diane Lindsey, Peggy Faye Stephenson, Maxie Leon Gidcomb, Johnny Gidcomb, James Gidcomb, Judy K. Victory, Jerry Armstrong, Betty Jean Hudson, Glenda Sue Armstrong Hayes, Teresa Lawrence, Linda Armstrong Noland, Annie Vaughn, Marjorie R. Hale, Patricia Ann Stephens, David Holland, Carolyn Albert, Anita Walls, Wilma Dean Armstrong Story, Mylysia Spann, Billy J. Holland, Jane Lowe, Bobby Armstrong, Melissa Parker-Schyll, Michael Ray Armstrong. The heirs of Allene Armstrong participating in this proceeding are Joan Theis, Kevin Adcox, and Sandra Sage.

Ms. Southern, Ms. Lightfoot, and other heirs of Ivy Armstrong ("the Southern and Lightfoot Appellants"), along with another group of Ivy Armstrong's heirs ("the Gidcomb Appellants") moved to have the court deem its order final and appealable or grant them leave to file an interlocutory appeal; the court designated the December 20, 2016 order as a final order for purposes of appeal pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

The Gidcomb Appellees articulate the following issues for our review:

1. Whether the trial court erred by holding that the individuals listed in Section VII of the spouse's will were intended to receive the residue of the trust assets in the event that the spouse predeceased her husband, despite the fact that Article VII states that it applies "if my Husband does not survive me."
2. Whether the Power of Attorney executed by the Decedent authorized the attorneys-in-fact to transfer substantially all of the Decedent's assets to a trust established by the Decedent's spouse.
3. Whether the transfer of substantially all of the Decedent's assets to a trust created by the Spouse was a fraudulent conveyance to defeat the Decedent's elective share.

The Southern and Lightfoot Appellants state their issues thusly:

1. Whether the trial court erred in failing to find that all property, real and personal, purportedly conveyed to the trust with no consideration by Mr. Armstrong's attorney(s) in fact cannot be assets of the trust and must, instead, be assets of his estate where (i) said property was marital with survivorship interest, (ii) Mr. Armstrong's power of attorney did not expressly include the authority to gift, and (iii) the record contains no evidence of Mr. Armstrong's history of making or joining in the making of lifetime gifts.
2. Whether the trial court erred in ignoring or failing to give effect to a condition precedent by which the appellees may have taken as beneficiaries had the condition occurred where the condition did not occur.
3. Whether the trial court erred in not construing the will as creating partial intestacy where the operative provisions of the will and trust fail to dispose of Mrs. Armstrong's residual estate.
4. Whether the trial court erred in applying the time limit for seeking an elective share as a limitation on the appellants' claims of fraudulent conveyance.
5. Whether the trial court erred in not adequately providing its findings of fact and conclusions of law as to all legal issues before it.

4

The Appellee, Ralph Armstrong, also raises several issues for our review:[3]

1.  Should the trial court be affirmed because the Appellants have waived appellate review of their claim by failing to provide evidence establishing a factual basis for their claims?
2.  Should the trial court be affirmed because the Conveyances are not void or voidable as fraudulent in respect of any person's interests?
3.  Should the trial court be affirmed because the Conveyances were within the scope of powers granted by the Power of Attorney to the attorney-in-fact?
4.  Should the trial court be affirmed because the Conveyances were not the result of undue influence exercised by a person in a position of dominion and control over Ivy Armstrong?
5.  Should the trial court be affirmed because the Property did not vest in Ivy Armstrong by reason of partial intestacy in Allene Armstrong's estate?

## II.    ANALYSIS

The threshold question presented in this appeal is whether the assets remaining in The Allene and Ivy Armstrong Living Trust are part of Ivy Armstrong's estate. The parties stipulated in the trial court to the relevant facts; the resolution of the appeal calls for us to construe the pertinent provisions of the trust and Allene Armstrong's will. The construction of these instruments is a matter of law which we review *de novo*, with no presumption of correctness afforded the trial court's conclusions. *See In re Estate of McFarland*, 167 S.W.3d 299, 302 (Tenn. 2005) (citing *In re Estate of Vincent,* 98 S.W.3d 146, 148 (Tenn. 2003)).

"[T]he important thing in the construction of the trust instrument is to determine the intention of the settlor as evidenced by all the provisions of the instrument, giving no portion any greater emphasis than any other." *Marks v. S. Tr. Co.*, 310 S.W.2d 435, 438 (1958). Similarly, "the intent of the testator is the most important factor in will construction cases. The court must give effect to that intent unless it contravenes some rule of law or public policy." *In re Tipler*, 10 S.W.3d 244, 249 (Tenn. Ct. App. 1998) (citing *Third Nat'l Bank v. First American Nat'l Bank*, 596 S.W.2d 824, 828 (Tenn. 1980)). In construing a will, "'[t]he testator's intention is to be ascertained from the particular words used in the will itself, from the context in which those words are used, and from the general scope and purposes of the will, read in the light of the surrounding and attending circumstances.'" *In re Tipler*, 10 S.W.3d at 249 (quoting *Presley v. Hanks,* 782 S.W.2d 482, 487 (Tenn. Ct. App. 1989)); *see also In re Estate of McFarland*, 167 S.W.3d at 302; *Daugherty v. Daugherty*, 784 S.W.2d 650, 653 (Tenn. 1990).

---

[3] The other appellees in this case, Joan Theis, Kevin Adcox, and Sandra Sage, have adopted Ralph Armstrong's statement of the issues and brief.

Allene Armstrong established the trust and executed her Will on the same day, September 26, 2011. The relevant provisions of the trust provide:

## Section IV. Disposition of Income and Principal

After paying the necessary expenses incurred in the management and investment of the Trust estate, including compensation of Trustee for Trustee's own services, Trustee shall pay the net income of the Trust and distribute the principal of the Trust in the following manner.

A. All income from the Trust shall be used to pay the living expenses, health care and maintenance as may be required for Settlor and her husband, IVY ARMSTRONG. The Trustee shall manage the Trust assets using the Prudent Man Rule to preserve the principal and generate such reasonable income as can be reasonably expected under current economic condition to produce an income stream to meet the living expenses of Settlor and her spouse. To the extent that Settlor's and IVY ARMSTRONG'S income is not sufficient to meet their needs, the Trustee can utilize the principal to the extent he deems necessary.

B. The Trustee shall invade the corpus to the extent necessary to provide for the comfortable health, welfare and maintenance of Settlor and her spouse. *In the event Settlor shall predecease her spouse, the Trustee shall utilize the Trust income and assets for Settlor's spouse to meet his reasonable and necessary living expenses.*

## Section V. Invasion of Principal for Benefit of
## Settlor's Surviving Spouse and Descendants

After Settlor's death, Trustee may apply so much of the principal of the Trust for the use of Settlor's spouse, IVY ARMSTRONG, at such time or times as, in Trustee's discretion, Trustee may deem advisable for his proper maintenance, health, or support. *The provisions of this Section are intended primarily as a means of affording financial assistance to Settlor's spouse.* This enumeration is to serve only as a guide and shall not be construed to restrict the discretionary powers so conferred on Trustee.

## Section VI. Powers of Trustee

Trustee shall have all of the powers enumerated in Tennessee Code Annotated, Sections 35-50-109 and 35-50-110, et seq.; and the introductory paragraph and all subparagraphs thereof are hereby incorporated herein by reference as fully as though copied herein verbatim. *The Trustee shall have*

*full power to perform and to take all steps as may be necessary to insure that the Trust assets are used for the Settlor and her spouse's healthcare expenses, welfare and maintenance, this being the paramount consideration and purpose of this Trust.*

\*\*\*

### Section XIII. Distribution of Trust Assets Upon Death
### of Settlor and Settlor's Spouse

Upon the death of Settlor and Settlor's spouse, the Trustee shall distribute the remaining Trust assets as provided in my Last Will and Testament.

(Emphasis added.)

Section IV of the trust, quoted above, sets forth that the purpose of the trust was to pay for the living expenses of Allene and Ivy Armstrong during their lives. If Allene predeceased Ivy, Section V allowed that the trust would continue to pay his living expenses in the same manner, and upon Ivy's death, the remaining trust assets were to be distributed as provided in Allene's will. There is no provision in the trust that supports a conclusion that Allene intended that the assets of the trust would be a devise to Ivy at any time; indeed, Section V demonstrates a contrary intent, i.e., that the trust would terminate at his death, and the assets be distributed in accordance with her will. We proceed to examine the provisions of the will to determine if there is any intent shown that the assets in the trust be distributed to Ivy Armstrong or his heirs.

Article V of the will, provides:

If my husband, IVY ARMSTRONG, survives me, I devise and bequeath all the rest and residue of my estate, real, personal and mixed, of whatever kind and character and wheresoever situate, to "The Allene and Ivy Armstrong Living Trust dated September 26, 2011" to be held and administered as more fully described in the Living Trust.

Three other provisions of the will are pertinent to our inquiry in this regard. In Article IV, Allene Armstrong acknowledges that Ivy Armstrong is her husband, that they have no children, and that, in making her will, she has "considered all of my husband's heirs and all of my heirs." In Article VI, prefaced by the phrase "[i]f my husband does not survive me," Ms. Armstrong makes a specific bequest of real property and a shop building, contents, and equipment to Ralph Armstrong. Article VII provides that "[i]f my husband does not survive me . . . I devise and bequeath all the rest and residue of my estate, including the residue of any trust assets held in 'The Allene and Ivy Armstrong Living Trust,'" to her brother and one sister (25 percent each), another sister and a great-

7

nephew (12.5 percent each) and Ralph Armstrong (25 percent). Considering these provisions of the will in conjunction with the intent expressed in the trust instrument, we conclude that the assets of the trust should be distributed to the Appellees.

Appellants argue that the trust and will failed to fully dispose of the residue of the trust assets in the event that Allene predeceased Ivy, and that, because there was no provision in either the will or the trust providing for the distribution of the assets at the death of Ivy, the assets passed to him under the laws of intestacy. We do not agree with appellants' construction of the documents. When created, the trust was intended to provide for the needs and living expenses for both Allene and Ivy during their lifetimes; the trust was to terminate at the death of the survivor and any remaining assets be distributed according to Allene's will. The devise in Section VII is consistent with that intent. There is no basis, in fact or in law, to conclude that Ivy Armstrong had a right of inheritance to the assets in the trust estate as surviving spouse of Allene.

Appellants also urge us to conclude that some of the parcels of real property, which were jointly owned by Ivy and Allene Armstrong and conveyed to the trust, were not actually trust assets because the property was fraudulently conveyed through the power of attorney executed by Ivy Armstrong. Upon our review of the deeds referenced by appellants, as well as the stipulations upon which the case was tried, we fail to discern any proof to support a finding of fraud in any respect.

Our resolution of these issues pretermits our consideration of the remaining issues raised by the parties.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's holding that the trust assets should be distributed to the persons listed in the Article VII of Allene Armstrong's will and remand the case for further proceedings in accordance with this opinion.

_____
RICHARD H. DINKINS, JUDGE